UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN UMBARGER,

        Petitioner,                  Case No. 2:09-cv-269

v.                                       Honorable R. Allan Edgar

GERALD HOFBAUER,

        Respondent.
_____/

## **OPINION**

        Petitioner, former Michigan Department of Corrections inmate and current parolee John Umbarger, filed this petition for writ of habeas corpus seeking release and enforcement of his original fixed parole date. Petitioner received a Parole Board Notice of Decision dated April 22, 2009, with a projected parole date of August 27, 2009, to begin a 24 month parole term. On May 7, 2009, the projected date of parole became a fixed date of parole to begin on August 27, 2009. On July 29, 2009, the Parole Board deferred Petitioner's parole until he completed additional pre-release programming.

        Petitioner filed this petition asserting that his due process rights were violated by the Parole Board's action to defer his fixed parole date. Petitioner also claims an Ex Post Facto violation, because new regulations were used to defer his parole that were not in existence at the time he was provided a fixed parole date. On February 12, 2010, Petitioner received another fixed paroled date of April 20, 2010. This time, Petitioner was paroled on that date and his parole is scheduled to end on April 20, 2012. Respondent has filed a motion to dismiss the petition. Respondent argues that

the petition is moot, because Petitioner has now been paroled.  Petitioner argues that the Petition is not moot, because if he was paroled on the earlier date his parole would terminate on August 27, 2011, instead of April 20, 2012.  Petitioner is required to report to a parole officer and is subject to restrictions while on parole.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the petitioner would be entitled to relief if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the [petitioner] can prove no set of facts in support of its claim which would entitle [the petitioner] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court must construe the complaint in the light most favorable to Petitioner.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A judge may not dismiss the petition simply because he disbelieves the petitioner's factual allegations.  *Conley*, *supra*, at 47.

The issue presented in Respondent's motion is whether Petitioner's release on parole, moots the Petition because there is no longer a case or controversy under Article III, § 2, of the Constitution.  This court lacks jurisdiction to consider a case or issue that fails to present a live controversy that could be redressed by judicial intervention.  *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction.  Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some "collateral consequence" of the conviction-must exist if the suit is to be maintained.

*Id.* at 8.

Petitioner is not challenging his conviction, but instead challenges the Parole Board's decision to delay his fixed date parole. The fact that Petitioner is now on parole clearly moots his request for immediate release on parole. That fact, however, cannot extinguish the court's jurisdiction in this case. Petitioner has asserted that he is still being harmed by the Parole Board's arbitrary decision to apply regulations that required further programing, after the fact that he was granted a certain date for parole. Petitioner's initial grant of parole was conditional. But it was not conditioned on the further programming that ultimately delayed his parole. Petitioner asserts that the additional programming required by the Parole Board was applied retroactively after he was initially granted parole. Respondent's motion is silent as to Petitioner's claim that this action is not moot because Petitioner is now subjected a longer duration of Parole.

In light of the foregoing, Respondent's Motion to Dismiss Petition For Writ of Habeas Corpus (Docket # 19) is denied. Petitioner's Motion to Strike (Docket #22) his Motion for a Default Judgment (Docket #20) is granted.

An Order consistent with this Opinion will be entered.


Dated:  2/24/2011            /s/ R. Allan Edgar
                             R. Allan Edgar
                             United States District Judge