UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN UMBARGER,

        Petitioner,

v.                                         Case No. 2:09-cv-269
                                               HON. R. ALLAN EDGAR

GERALD HOFBAUER,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        Petitioner John Umbarger, a former Michigan Department of Corrections inmate, filed this petition for writ of habeas corpus seeking release and enforcement of his original fixed parole date. Petitioner received a Parole Board Notice of Decision dated April 22, 2009, with a projected parole date of August 27, 2009, to begin a 24-month parole term. On May 7, 2009, the projected date of parole became a fixed date of parole to begin on August 27, 2009. On July 29, 2009, the Parole Board deferred Petitioner's parole until he completed additional pre-release programming. Petitioner filed a motion for immediate consideration of his petition.

        Petitioner filed this petition asserting that his due process rights were violated by the Parole Board's action to defer his fixed parole date. Petitioner also claims an Ex Post Facto violation, because new regulations were used to defer his parole that were not in existence at the time he was provided a fixed parole date. On February 12, 2010, Petitioner received another fixed paroled date of April 20, 2010. Petitioner was paroled on that date and his parole was scheduled to end on April 20, 2012. Petitioner's sentence discharged on April 20, 2012, and Petitioner is no longer on

parole. Accordingly, the petition and motion for immediate consideration are now moot as there exists no further relief available to Petitioner.

It is recommended that the petition be dismissed as moot. It is further recommended that Petitioner's motion for immediate consideration (Docket #39) be denied as moot.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. The MDOC no longer has jurisdiction over petitioner because his sentences have fully discharged and petitioner is no longer on parole. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 26, 2012